BEDSWORTH, J.
I concur. In this case, it was established that there was an engineering and traffic survey and that it did not support the speed limit that had been set. It was therefore established that a speed trap had been maintained.
In Vehicle Code section 40803, the Legislature appears to have been at great pains not to limit prohibition of speed traps to cases where radar supplies the evidence against the defendant or the charge is a violation of an artificially low-speed limit enforced by such radar. If that is what they meant to do, they could easily have done so.
Instead, they provided that “[n]o evidence” could be admitted in “any prosecution . . . upon a charge involving the speed of a vehicle when the evidence is based upon or obtained from or by the maintenance or use of a *Supp. 5 speed trap." (Veh. Code, § 40803, subd. (a).) The use of such rigorous and convoluted language convinces me they meant to bar any prosecution—not just one in which radar evidence is actually introduced, or in which the charge is based upon an artificially low-speed limit—if it were established that a speed trap had been “maintained.”
Therefore, under the unusual facts of this case, in which it was demonstrated that a speed trap had been maintained, I feel compelled to reverse. I am not prepared to go farther.